**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY A. HUGHES, ) | |
| Plaintiff, ) | |
| v. ) | 3:11-cv-617-RCJ-WGC |
| ) | **ORDER** |
| BANK OF AMERICA, N.A., et al., ) | |
| Defendants. ) | |

Currently before the Court is a motion to dismiss (#5) and motion to expunge list pendens (#6) filed by Defendants Bank of America, N.A., PRLAP, Inc., and ReconTrust Company, N.A. (collectively "Defendants"). Because the foreclosure process was proper, Defendants' motions to dismiss (#5) and expunge lis pendens (#6) are granted.

**BACKGROUND[1]**

Plaintiff Gregory A. Hughes is the owner of real property located at 2995 Shady Creek Court, Reno, Nevada 89523 (the "Property"). (Compl. (#1-1) at 3). To finance the purchase of the Property, Plaintiff obtained a loan from Defendant Bank of America in the amount of $385,000.00, which was secured by a deed of trust executed on December 15, 2005 (the "Deed of Trust"). (Deed of Trust (#5-1) at 1-2). The Deed of Trust listed Bank of America as

---

[1] Defendants have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Mot. to Dismiss (#5) at 3 n.1). The Court will take judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

the lender and PRLAP as the trustee. (*Id.*).

At some point prior to January 27, 2010, Plaintiff defaulted on the loan. (Notice of Default (#5-4)). On January 27, 2010, Bank of America substituted ReconTrust as trustee and ReconTrust recorded a notice of default and election to sell under deed of trust that same day. (Substitution of Trustee (#5-3); Notice of Default (#5-4)). ReconTrust later rescinded this notice of default on April 30, 2010. (Rescission (#5-5)).

Bank of America assigned the Deed of Trust to BAC Home Loans Servicing, LP ("BAC") on January 5, 2011. (Assignment (#5-6)). The same day, BAC again substituted ReconTrust as trustee of the Deed of Trust and ReconTrust filed a new notice of default and election to sell under deed of trust. (Substitution (#5-7); Notice of Default (#5-8)).

The Nevada Foreclosure Mediation Program issued a certificate permitting the foreclosure to proceed on June 20, 2011. (Certificate (#5-9)). ReconTrust then recorded a notice of trustee's sale on July 12, 2011 with a sale date of August 3, 2011. (Notice of Sale (#5-10)). The sale was postponed and has not gone forward as of September 7, 2011. (Mot. to Dismiss (#5) at 4).

Plaintiff filed a complaint on June 9, 2011 against Bank of America, PRLAP, ReconTrust, BAC, First American Title Insurance Company, and Charlotte Olmos. (Compl. (#1-1)). The complaint asserts nine causes of action, including: (1) debt collection violations under NRS § 649.370; (2) unfair and deceptive trade practices under NRS § 598.0923; (3) unfair lending practices under NRS § 598D.100; (4) violation of the covenant of good faith and fair dealing; (5) violation of NRS § 107.080; (6) quiet title; (7) fraud in the inducement and through omission; (8) slander of title; and (9) abuse of process. (Compl. (#1-2) at 28-58). Plaintiff recorded a lis pendens on the Property the same day he filed his complaint. (Notice of Lis Pendens (#5-11)).

On August 22, 2011, Defendants Bank of America (as Bank of America and as successor by merger to BAC), PRLAP, and ReconTrust moved to dismiss the complaint for failure to state a claim and to have the lis pendens expunged. (Mot. to Dismiss (#5); Mot. to Expunge Lis Pendens (#6)).

**LEGAL STANDARD**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citations omitted).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

Defendants have filed a motion to dismiss all nine causes of action against them for failure to state a claim. (Mot. to Dismiss (#5)). As Plaintiff has failed to state a claim on all of his causes of action, Defendants' motions to dismiss and expunge lis pendens are granted.

In Plaintiff's first cause of action for debt collection violations under NRS § 649.370, Plaintiff has failed to state a claim because Defendants are not debt collectors as required by the statute. NRS § 649.370 states that a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., along with all regulations adopted under this Act is a violation of Nevada law. For a defendant to be liable for a violation of the FDCPA, the defendant must be classified as a "debt collector" within the meaning of the Act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943, at *3 (D. Nev. 2010). A "debt collector" is defined by the FDCPA as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, at *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.' " *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev. 2009)). As Defendants here are foreclosing on the Property pursuant to a deed of trust, they do not qualify as "debt collectors" within the meaning of the FDCPA, and consequently neither the FDCPA nor NRS § 649.370 apply.

Plaintiff's second cause of action alleging unfair and deceptive trade practices in violation of NRS § 598.0923 has also failed to state a claim for relief. Under the statute, a person engages in a deceptive trade practice when he or she knowingly conducts business without all required state, county or city licenses. NEV. REV. STAT. § 598.0923(1). The statute however explicitly states that the following activities do not constitute doing business in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. 80.015(1)(a), (g)-(h). Because Defendants in this mortgage case are not considered to have been doing business in Nevada, NRS § 598.0923 does not apply

4

and this cause of action is dismissed without leave to amend.

The Court also dismisses Plaintiff's third cause of action for unfair lending practices under NRS § 598D.100 because the statute of limitations has run on this claim. Plaintiff alleges Defendants engaged in unfair lending practices by luring Plaintiff into obtaining the loans based solely on the future equity of the home in violation of § 598D.110. (Compl. (#1-1) at 31). An action "upon a statute for a penalty or forfeiture" has a two-year statute of limitations, unless the statute provides otherwise. NEV. REV. STAT. § 11.190(4)(b). The plain language of the statute indicates that it is a statute for a penalty and does not contain its own limitations period, and consequently the statute of limitations period on this claim is two years. *See* NEV. REV. STAT. § 598D.110. As the loan was extended in 2005 and Plaintiff did not file his complaint until 2011, the statute of limitations has run on this claim.

Plaintiff has additionally failed to state a claim in his fourth cause of action for violation of the covenant of good faith and fair dealing. Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205). To succeed on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Defendants first allegedly violated the covenant of good faith and fair dealing by luring Plaintiff into the initial loans by wrongfully declaring he qualified for those loans. (Compl. (#1-1) at 32). Yet to be actionable, the breach of the covenant must have occurred *after* the formation of the contract, not *before*. *Crow v. Home Loan Ctr., Inc.*, 2011 WL 3585466, at *3 (D. Nev. 2011). Plaintiff also contends Defendants violated the covenant of good faith and fair dealing by offering Plaintiff consideration for loan modifications, falsely telling him the

5

foreclosures would be postponed. (Compl. (#1-1) at 33). Yet Plaintiff has provided no information that confirms the existence of a loan modification agreement or contract between the parties. *See Perry*, 900 P.2d at 338 (requiring the plaintiff to show the existence of a contract to state a claim for breach of the covenant of good faith and fair dealing). Finally, Plaintiff argues Defendants violated the covenant of good faith and fair dealing by frustrating the legitimate purposes of the mortgage contract. (Compl. (#1-1) at 34). Foreclosing upon a loan where such foreclosure is permissible by law and the loan agreement does not deprive Plaintiff of any justifiable expectations as he consented to the arrangement.

Plaintiff has similarly failed to state a claim under his fifth cause of action for violations of NRS § 107.080 because the foreclosure was proper. BAC and ReconTrust had both been properly substituted as the beneficiary and trustee respectively. (Assignment (#5-6); Substitution of Trustee (#5-7)). Because Defendants had been properly substituted and Plaintiff was in default, the foreclosure proceedings were not improper. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *2 (D. Nev. 2009) (finding that as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure).

The sixth cause of action for quiet title also fails because Plaintiff is in default and has not alleged he has paid the debt owed. A quiet title action may be brought by a party who claims an adverse interest in the subject property. NEV. REV. STAT. § 40.010. Quiet title actions are equitable in nature and it is generally required that a party that seeks equity must do equity. *Transaero Land & Dev. Co. v. Land Title of Nevada, Inc.*, 842 P.2d 716, 718 (Nev. 1992). For the plaintiff to do equity, it is generally required that the plaintiff tender the undisputed amount due on the note in order to challenge the validity of the foreclosure sale. *Davila v. BAC Home Loans Servicing, LP*, 2011 WL 3159146, at *2 (D. Nev. 2011). Quieting title to the Property would be inequitable here as Plaintiff has failed to prove any of his other claims in the complaint. Plaintiff has also defaulted on the loan and has failed to allege he has tendered or is willing to tender the amount owed on the debt.

6

Plaintiff's seventh cause of action for fraud in the inducement and through omission fails because Plaintiff has not alleged any fraudulent statements or omissions concerning the terms of the loan and because Plaintiff has failed to satisfy the strict pleading requirements of Fed. R. Civ. P. 9(b). Under Nevada law, a claim of fraud requires the plaintiff to establish each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.' " *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Plaintiff here has failed to allege any false statements or omissions that were material to the terms of the loan. Plaintiff only alleges that he was not made aware of the inner workings of the mortgage industry, which ultimately had no effect upon the loan agreement. As Plaintiff has not alleged any false statements or omissions concerning the terms of the loan, he has failed to state a claim for fraud. Additionally, Plaintiff's fraud allegations lack the specificity required by Rule 9(b) because Plaintiff has failed to allege which Defendant committed what alleged fraud, and when and where these fraudulent actions took place. Therefore, the Court will dismiss Plaintiff's seventh cause of action without leave to amend.

The eighth cause of action for slander of title fails because the statements made by Defendants were not untrue. Plaintiff alleges that Defendants slandered his title by recording the notice of default knowing that they were unauthorized to foreclose and knowing the filed document was defective. (Compl. (#1-1) at 52-54). To succeed on a slander of title claim, the plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev.

1998) (quoting *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987)). Plaintiff here does not deny he has defaulted under the note, and consequently the notice of default is not a false statement disparaging the title to the Property.

Plaintiff has also failed to state a claim on his ninth and final cause of action for abuse of process because Plaintiff has failed to allege any facts demonstrating that Defendants had an ulterior purpose in foreclosing and because nonjudicial foreclosure is not considered "process" for the purposes of this tort. To prevail on a claim of abuse of process, the plaintiff must show that the defendant (1) had an ulterior purpose in bringing legal action other than resolving a legal dispute, and (2) used the legal process in a manner that is not proper in the regular conduct of the proceeding. *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). Yet Plaintiff has pled no facts that would show Defendants had any ulterior motive in bringing the foreclosure action. The record shows that Defendants were legally authorized to foreclose and did so. Additionally, nonjudicial foreclosure is not the type of "process" the tort of abuse of process was meant to address because by its very definition it does not involve judicial action. *See Barlow v. BNC Mortg., Inc.*, 2011 WL 3841223, at *4 (D. Nev. 2011). Accordingly, Plaintiff's ninth cause of action lacks merit and is hereby dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motions to dismiss (#5) and expunge lis pendens (#6) are granted.

IT IS FURTHER ORDERED that the Court *sua sponte* dismisses the remaining defendants from this case without leave to amend.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 23rd day of February, 2012.

_____
United States District Judge